UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY EATON JR.,

      Plaintiff,                                     Hon. Robert J. Jonker

v.                                                   Case No. 1:16-cv-1365

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 41 years of age on his alleged disability onset date. (PageID.153, 891). He possesses an eleventh grade education and worked previously as an assembler. (PageID.952, 983). Plaintiff applied for benefits on September 7, 2011, alleging that he had been disabled since December 31, 2007, due to diabetes, HIV, depression, ADHD, hypertension, obesity, and periodontal disease. (PageID.153-68, 201, 891).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.82-151). On April 1, 2013, Plaintiff appeared before ALJ Nicholas Ohanesian with testimony being offered by Plaintiff and a vocational expert. (PageID.82-151). In a written decision dated June 27, 2013, the ALJ determined that Plaintiff was not disabled because he could perform his past relevant work. (PageID.38-47). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.28-32). The undersigned subsequently vacated the Commissioner's decision on the ground that Plaintiff's past relevant work, which the ALJ concluded Plaintiff could still perform, did not constitute substantial gainful activity and, therefore, could not serve as the basis to deny Plaintiff's claim. (PageID.1018-29).

On May 16, 2016, ALJ Ohanesian conducted another administrative hearing at which testimony was offered by Plaintiff and a vocational expert. (PageID.944-93). In a written decision dated July 14, 2016, the ALJ again denied Plaintiff's application on the ground that there existed a significant number of jobs which Plaintiff could perform despite his impairments. (PageID.889-903). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.879-84). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2007. (PageID.891). Accordingly, to be eligible for DIB benefits, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.   While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) type-II diabetes mellitus; (2) hypertension; (3) hyperlipidemia (high cholesterol); (4) obesity; (5) HIV virus positive; (6) obstructive sleep apnea; (7) cognitive disorder; (8) mood disorder; (9) degenerative disc disease of the lumbar spine; (10) bilateral carpal tunnel syndrome with status post release procedures; (11) COPD; (12) osteoarthritis; (13) plantar fasciitis; (14) neuropathy; and (15) dementia, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.891).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (2) he can occasionally balance, stoop, kneel, crouch, and crawl; (3) he can experience no more than frequent exposure to extremes of heat or cold, humidity, or pulmonary irritants; and (4) he is limited to simple, routine, and repetitive tasks.  (PageID.897).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his

limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed more than 2,000,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.983-85). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The vocational expert also testified that if Plaintiff were further limited to sedentary work, there still existed approximately 670,000 jobs in the national economy which Plaintiff could perform consistent with his RFC. (PageID.987-88). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.        **Plaintiff does not Satisfy the Listings**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff argues that he satisfies Section 12.07 (Somatoform Disorders) and Section 14.00 (Immune System Disorders) of the Listings. Plaintiff bears the

burden to demonstrate that he satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). An impairment satisfies a listing, however, "only when it manifests the specific findings described in all of the medical criteria for that particular impairment." *Lambert v. Commissioner of Social Security*, 2013 WL 5375298 at *8 (W.D. Mich., Sept. 25, 2013) (citing 20 C.F.R. §§ 404.1525(d) and 416.925(d)).

    A.    <u>Section 12.07</u>

Section 12.07 provides:

> Somatofrom Disorders: Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.07.

Plaintiff's claim that he satisfies this Listing fails for two reasons. First, Plaintiff makes absolutely no argument that he satisfies the A criteria of this Listing and, therefore, fails to satisfy his burden. Second, Plaintiff's argument that he satisfies the B criteria of this Listing is unpersuasive.

To satisfy the B criteria, Plaintiff must demonstrate that he satisfies "at least two of the following": (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.07B.

In support of his argument that he satisfies this requirement, Plaintiff fails to cite to any specific item in the administrative record, stating instead that "there is ample evidence, as described in the preceding statement of facts, to find marked restrictions" in items (1)-(3) of the B

criteria. (PageID.2430). This is insufficient for Plaintiff to satisfy his burden. *See Wimbush v. Wyeth*, 619 F.3d 632, 638 n.4 (6th Cir. 2010) (noting that the obligation rests with the movant "to point to the evidence with specificity and particularity in the relevant brief rather than just dropping a pile of paper on the district judge's desk and expecting [her] to sort it out"); *Emerson v. Novartis Pharmaceuticals Corp.*, 446 Fed. Appx. 733, 736 (6th Cir., Aug. 23, 2011) ( "judges are not like pigs, hunting for truffles that might be buried in the record").

Even if this shortcoming is disregarded, however, the result is the same as the ALJ's assessment of the B criteria is supported by substantial evidence. With respect to the activities of daily living, the ALJ found that Plaintiff experienced only "mild" restriction. (PageID.894). Plaintiff reported that he cares for his personal needs without difficulty, prepares meals, drives himself to appointments, assists with household chores, and shops for groceries and clothing. (PageID.219-26, 962-65, 1198-1203). The ALJ's assessment is supported by substantial evidence.

With respect to maintaining social functioning, the ALJ found that Plaintiff experienced "mild" difficulty. (PageID.894). Plaintiff reported that he plays cards and board games, talks daily with friends, family, attends sporting events, shops, and visits with friends. (PageID.223, 967, 1200). The ALJ's assessment is supported by substantial evidence.

As for maintaining concentration, persistence, or pace, the ALJ determined that Plaintiff experienced "moderate" difficulty. (PageID.894). While Plaintiff asserted that he experiences sleep difficulties which limit his ability in this area, the medical record reveals that Plaintiff's sleep apnea is "well-controlled" with a CPAP device. (PageID.1817-19). As for Plaintiff's subjective complaints of extreme memory loss, the ALJ noted that such is not supported by the medical record. (PageID.598-600, 849-53, 1291-1365, 1638-59). Moreover, as the ALJ

detailed in his opinion, Plaintiff has a demonstrated history of dishonesty and/or inaccuracy with respect to his various subjective allegations. (PageID.894-901). The ALJ's assessment is supported by substantial evidence.

    B.    <u>Section 14.00</u>

Section 14.00 of the Listing of Impairments addresses various "immune system disorders." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 14.00. While Plaintiff has failed to identify which particular subsection he believes he satisfies, he asserts that he is disabled as a result of his HIV positive status. Section 14.08 concerns claimants with HIV infection. 20 C.F.R., Part 404, Subpart P, Appendix 1, § 14.08. This Listing provides:

> 14.08 Human immunodeficiency virus (HIV) infection. With documentation as described in 14.00F and one of the following:
>
> A. Bacterial infections; or
>
> B. Fungal infections; or
>
> C. Protozoan or helminthic infections; or
>
> D. Viral infections; or
>
> E. Malignant neoplasms; or
>
> F. Conditions of the skin or mucous membranes with extensive fungating or ulcerating lesions not responding to treatment; or
>
> G. HIV encephalopathy, characterized by cognitive or motor dysfunction that limits function and progresses; or
>
> H. HIV wasting syndrome, characterized by involuntary weight loss of 10 percent or more of baseline or other significant involuntary weight loss as described in 14.00F5, and in the absence of a concurrent illness that could explain the findings; or

      I.      Diarrhea, lasting for 1 month or longer, resistant to treatment, and requiring intravenous alimentation, or tube feeding; or

      J.      One of more of the following infections: (1) sepsis; (2) meningitis; (3) pneumonia; (4) septic arthritis; (5) endocarditis; or (6) sinusitis documented by appropriate medically acceptable imaging. The infections must either be resistant to treatment or require hospitalization or intravenous treatment three or more times in a 12-month period; or

      K.      Repeated manifestations of HIV infection and marked level of impairments in one of the following: (1) activities of daily living; (2) maintaining social functioning; or (3) completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 14.08.

      Plaintiff has failed to address or discuss *any* of these criteria. As previously noted, the Court is not obligated to construct Plaintiff's argument for him or identify the evidence in support of such. Such deficiency notwithstanding, the result is the same as the record contains no evidence even suggesting that Plaintiff satisfies any of the aforementioned criteria. Instead, the record reveals that Plaintiff's care providers have consistently, since January 2011, reported that Plaintiff's HIV is controlled with medication. (PageID.465. 478, 663, 702, 1539-40, 1624-25, 1838-70). Accordingly, the Court finds that the ALJ's conclusion that Plaintiff fails to satisfy Section 14.08 of the Listings is supported by substantial evidence.

**II.**      **The ALJ's RFC Determination is Supported by Substantial Evidence**

      Plaintiff next argues that he is entitled to relief because substantial evidence does not support the ALJ's RFC determination. Specifically, Plaintiff argues that his absenteeism, to attend medical appointments, and deficiencies in concentration, persistence, and pace are work preclusive. The Court is not persuaded.

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

The medical record supports the ALJ's decision. Numerous objective tests and evaluations reveal that Plaintiff's impairments do not limit him to a greater extent than recognized by the ALJ. The results of an MRI of Plaintiff's brain were unremarkable. (PageID.781). The results of MRIs of Plaintiff's lumbar and thoracic spine were unremarkable. (PageID.861-62, 2200). X-rays of Plaintiff's right knee were unremarkable. (PageID.1550-51). The results of cardiac stress tests were normal. (PageID.1552, 2100). Diagnostic testing revealed that Plaintiff was experiencing "mild" to "moderate" carpal tunnel syndrome. (PageID.784-85, 1280, 1284-85). Plaintiff subsequently underwent carpal tunnel surgery after which Plaintiff reported that his hand pain was "gone" and he was experiencing "improved function." (PageID.1268, 1429). Plaintiff's diabetes and COPD are both controlled with medication. (PageID.766-67, 1409, 2343). As previously noted, Plaintiff's HIV is controlled with medication and his sleep apnea is controlled with use of a CPAP device. Treatment notes reveal that Plaintiff's mood and functioning improved with medication, counseling, and exercise. (PageID.302-15, 598-637, 768, 1291-1365. 1638-1738). Finally, physical examinations have not revealed findings consistent with Plaintiff's allegations of extreme pain and limitation. (PageID.389-400, 1277, 1409-22, 1505, 1584-85, 2330-34, 2337-41).

The record does not support Plaintiff's allegations that he suffers greater difficulties in the areas of concentration, persistence, or pace than the ALJ recognized. As for Plaintiff's claim that he is unable to work because he attends a work-preclusive number of medical appointments, such is not supported by the medical record. In sum, the ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

### III. The ALJ Properly Assessed Plaintiff's Obesity

Finally, citing to Social Security Ruling 02-1p, Plaintiff alleges that he is entitled to relief on the ground that the ALJ did not properly consider his obesity. As the Sixth Circuit has held, Social Security Ruling 02-1p "does not mandate a particular mode of analysis, but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 577 (6th Cir., Dec. 22, 2009); *see also*, *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir., Jan. 31, 2006) ("[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants"). The ALJ acknowledged Plaintiff's obesity and analyzed the entire record in assessing Plaintiff's residual functional capacity. The medical evidence, however, does not support the argument that Plaintiff's obesity, either alone or in combination with his other impairments, impairs him to an extent greater than that recognized by the ALJ. Accordingly, the Court finds that the ALJ's RFC determination sufficiently accounts for Plaintiff's obesity and the limitations reasonably imposed by such.

### CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

          Respectfully submitted,

Date:   January 31, 2018

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge